IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Tyrone Egbert Webb, ) | C/A No. 3:05-3071-CMC |
| ) | Cr. No. 3:93-0007 |
| Petitioner, ) | |
| ) | |
| -versus- ) | **OPINION and ORDER** |
| ) | |
| United States of America, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

Petitioner is a *pro se* federal inmate who seeks relief pursuant to 28 U.S.C. § 2255.

This petition is successive in nature. Petitioner's failure to seek permission to file a second or successive petition in the appropriate court of appeals prior to the filing of the petition in the district court is fatal to the outcome of any action on the petition in this court. The Anti-Terrorism and Effective Death Penalty Act (AEDPA) of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996), placed specific restrictions on second or successive motions under 28 U.S.C. § 2255. Prior to filing a second or successive petition under § 2255, Petitioner must obtain certification by a panel of the Fourth Circuit Court of Appeals allowing him to file a second or successive petition. As provided in 28 U.S.C. § 2244, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). This he has not done.[1]

---

[1] In the alternative, the court finds this petition is also untimely. The Anti-Terrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 ("AEDPA"), imposed a one-year statute of limitations on petitions under 28 U.S.C. § 2255. Pursuant to the AEDPA, the limitation period runs from the latest of:
(1) the date on which the judgment of conviction becomes final;

IT IS THEREFORE ORDERED that this petition is dismissed as this court is without jurisdiction to consider it.

---

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C § 2255. Therefore, unless subject to an exception under the AEDPA, a petitioner must file an application for relief under § 2255 within one year of his or her conviction becoming final. A Petitioner's conviction becomes final when a habeas petitioner's time expires for filing a petition for a writ of certiorari with the United States Supreme Court contesting an appellate court's affirmance of the conviction. *See Clay v. United States*, 537 U.S. 522 (2003).

Petitioner was convicted on July 16, 1993. Petitioner appealed his conviction which was affirmed by the Fourth Circuit Court of Appeals on May 1, 1995. *See United States v. Webb*, 53 F.3d 329 (4th Cir. 1995) (unpublished). Petitioner filed the instant § 2255 petition on October 31, 2005, almost ten and a half years after his conviction became final.

The Fourth Circuit has held that the AEDPA's time limit is a statute of limitation, not a jurisdictional bar, and therefore "is subject to equitable tolling, at least in principle." *Harris v. Hutchinson*, 209 F.3d 325, 329-30 (4th Cir. 2000). However, equitable tolling is "reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id*. at 330. Petitioner would be entitled to equitable tolling of the statute of limitations period if he "presents (1) extraordinary circumstances, (2) beyond [his] control or external to [his] own conduct, (3) that prevented [him] from filing on time." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003). Equitable tolling is generally reserved for those instances where some wrongful conduct of the opposing party (in this case, the Respondent) prevented Petitioner from filing a petition, or extraordinary circumstances beyond Petitioner's control made it impossible to timely file the claim. *See Harris*, 209 F.3d at 330. The instant petition meets none of these requirements. Petitioner has presented no evidence that he, at any point during the past six years, attempted to make any of the arguments he now asserts, nor has he made any claim he was duped by some action of the Respondent into not timely filing a § 2255 petition.

**IT IS SO ORDERED**.

s/ Cameron McGowan Currie
CAMERON McGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
November 3, 2005

C:\temp\notesFFF692\05-3071 Webb v. USA e dism as successive.wpd